6. INTOXICATING LIQUORS, § 148*—*how guilt or innocence of defendant accused of illegally selling intoxicating liquor determined.* The guilt or innocence of one accused of illegally selling intoxicating liquors is to be determined from the nature of the goods sold and not from the name under which they are ordered.

7. INTOXICATING LIQUORS, § 75*—*what constitutes.* A fermented malt liquor called "Temp Brew" *held* within the Local Option Law (J. & A. ¶ 4637 *et seq.*), prohibiting the sale of intoxicating liquors and defining them as including "all distilled, spirituous, vinous, fermented and malt liquors," though claimed to be nonintoxicating.

8. CRIMINAL LAW, § 556*—*when misconduct of juror harmless error.* An assignment of error, on appeal from a conviction for illegally selling intoxicating liquors, that a person supposed to be pushing the prosecution had talked to a juror concerning his duties before he was called into the jury box, where no such occurrence is contained in the record and it is stated in the argument that such juror was excused for cause, *held* there is no basis for such assignment.

9. CRIMINAL LAW, § 583*—*when assignments of error deemed waived.* Assignments of error in a criminal case not argued are deemed waived.

## The People of the State of Illinois, Defendant in Error, v. Jack Colberg, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against Jack Colberg, defendant, for illegal sale of liquor to a minor. To review a judgment entered on a verdict of guilty, the defendant prosecutes a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The court on its own initiative instructed the jury that: "If you believe from the evidence beyond a reasonable doubt that the defendant * * * sold intoxicating liquor to Virgil Chapman, a minor, * * * it is your duty to return a verdict of guilty; unless you further believe from the evidence, beyond a reasonable doubt, that said minor had a written order of a parent, guardian or family physician of such minor, and * * * the burden of proving such written order is upon the defendant."

CHARLES TROUP, for plaintiff in error.

JOHN H. LEWMAN, for defendant in error; DAVID ALLISON, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 161*—*when alternative judgment sentencing defendant convicted of unlawfully selling liquor to minor erroneous.* An alternative judgment sentencing a defendant, convicted of unlawfully selling liquor to a minor, to pay a fine of fifty dollars and costs, and, in default of such payment, to be confined in jail for a period of thirty days, *held* not authorized under the statute, J. & A. ¶ 4605, or the Criminal Code, secs. 452, 168b (J. & A. ¶¶ 4152, 3795).

2. INTOXICATING LIQUORS, § 158*—*when instruction on amount of proof to avoid conviction erroneous.* In a prosecution for illegal sale of liquor to a minor, an instruction requiring the defendant, in order to avoid a conviction, to prove beyond a reasonable doubt that the minor had a proper written order therefor, *held* reversible error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.